IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| GEORGE FIDEL MARTINEZ, # 230447, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v.  ) | Civil Action No. 1:11cv667-TMH |
| ) | (WO) |
| BILLY MITCHEM, *et al.*, ) | |
| ) | |
| Respondents. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.   BACKGROUND**

George Fidel Martinez ("Martinez"), an Alabama inmate, is before this court on a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed on August 12, 2011.[1] Martinez challenges his 2003 murder conviction after a jury trial in the Dale County Circuit Court. He was sentenced to 30 years in prison for that conviction. In his federal petition, Martinez presents claims that (1) his counsel rendered ineffective assistance in his state court proceedings; (2) he was denied access to the courts because he does not speak English; (3) he was singled out for prosecution because he is a foreign national; and (4) he was incompetent to stand trial because he could not understand English. Doc. No. 1 at 5-6

---

[1] Although the petition was date-stamped as received in this court on August 18, 2011, Martinez avers that he signed it on August 12, 2011. Under the "mailbox rule," a *pro se* inmate's petition is deemed filed the date it is delivered to prison officials for mailing, presumptively, the date it is signed by the petitioner. *Houston v. Lack,* 487 U.S. 266, 271-72 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999).

and 9-15[2]

The respondents argue, among other things, that Martinez's petition is time-barred by the one-year federal limitation period for § 2254 petitions, codified at 28 U.S.C. § 2244(d). Doc. No. 6 at 7-10. Upon review of the pleadings in this case, the evidentiary materials, and the applicable law, this court concludes that Martinez's § 2254 petition should be denied and that this case should be dismissed because the petition was not filed within the time allowed by federal law.

## II. DISCUSSION

**A.  The Federal Limitation Period, 28 U.S.C. § 2244(d)**

The Antiterrorism and Effective Death Penalty Act of 1996 was signed into law on April 24, 1996, and amended the habeas corpus statute to include a one-year limitation period on petitions filed pursuant to 28 U.S.C. § 2254. This limitation period is codified at 28 U.S.C. § 2244(d) and provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an

---

[2] Document numbers ("Doc. No.") are assigned by the Clerk of Court when docketing the parties' pleadings, court orders, and other docket entries. Page references in this Recommendation are to those assigned by CM/ECF. References to exhibits ("Ex.") are to those submitted with the respondents' answer.

    application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

   (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

   *1.*  *One-year Limitation Period under § 2244(d)(1)(A)*

Title 28 § 2244(d)(1)(A) provides that, for purposes of the limitation period for seeking federal habeas review, a state court judgment of conviction becomes final "by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Exhibits submitted by the respondents reflect that Martinez was convicted of murder, in violation of § 13A-6-2, Ala. Code 1975, following a trial in May 2003 and that he was sentenced to 30 years in prison on July 17, 2003. Ex. 1 at 5. Martinez appealed, and the Alabama Court of Criminal Appeals affirmed his conviction and sentence in a memorandum opinion issued on February 20, 2004. Ex. 4. Martinez did not file an application for rehearing or a petition for certiorari review with the Alabama Supreme Court. On March 10, 2004, the Court of Criminal Appeals issued its certificate of judgment. Ex.

3

5. Because Martinez did not seek a rehearing or file a certiorari petition in the state supreme court, he was not entitled to the additional 90 days for seeking certiorari review in the United States Supreme Court; thus, his conviction became final for federal habeas purposes on March 10, 2004. *See Pugh v. Smith*, 465 F.3d 1295, 1300 (11th Cir. 2006). And, for purposes of § 2244(d)(1)(A), the one-year period for filing his federal petition commenced on that same date. Martinez filed the instant habeas petition on August 12, 2011 – more than seven years after his conviction became final.

### 2. *Statutory Tolling under § 2244(d)(2)*

Title 28 § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the federal limitation period. 28 U.S.C. § 2244(d)(2). Although Martinez filed a post-conviction petition under Rule 32 of the Alabama Rules of Criminal Procedure in the state trial court on or around September 28, 2005,[3] the federal limitation period had already expired for purposes of § 2244(d)(1)(A) on March 10, 2005 – one year after his conviction became final and more than six months before he filed the Rule 32 petition. Consequently, Martinez's filing of the Rule 32 petition in the state trial court – and the state court proceedings on that petition – had no tolling effect under § 2244(d)(2) on the running of the federal limitation period. *See Tinker v. Moore*, 255 F.3d

---

[3] *See* Ex. 9 at 15. The state court proceedings on Martinez's Rule 32 petition concluded on August 5, 2011, when the Alabama Supreme Court issued its certificate of judgment after Martinez filed a petition for certiorari review of the Alabama Court of Criminal Appeals' decision affirming the trial court's denial of Martinez's Rule 32 petition. Ex. 24.

1331, 1333 (11th Cir. 2001) (where the state court application for post-conviction relief is filed after the one-year statute of limitations has expired, it does not toll the statute because no time remains to be tolled).

### 3. *Statutory Tolling under § 2244(d)(1) (B) - (D)*

The statutory tolling provisions of 28 U.S.C. § 2244(d)(1) (B) - (D) do not provide safe harbor for Martinez. There is no evidence that any unconstitutional or illegal state action impeded Martinez from filing a timely § 2254 petition. *See* 28 U.S.C. § 2244(d)(1)(B). Martinez also does not present a claim that rests on an alleged "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *See* 28 U.S.C. § 2244(d)(1)(C). Finally, Martinez does not submit any grounds for relief for which the factual predicate could not have been discovered at a far earlier time "through the exercise of due diligence." *See* 28 U.S.C. § 2244(d)(1)(D).

Under the circumstances discussed above, the one-year limitation period for Martinez to file a timely § 2254 petition expired on March 10, 2005 – one year after his conviction became final. *See* 28 U.S.C. § 2244(d)(1)(A).

### B. Equitable Tolling of the Limitation Period

The federal limitation period may be equitably tolled on grounds apart from those specified in 28 U.S.C. § 2244(d) "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (1999). Equitable tolling applies only in truly extraordinary circumstances. *Jones v. United States*, 304 F.3d 1035, 1039-40 (11th Cir.

2002). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Drew v. Department of Corrections*, 297 F.3d 1278, 1286 (11TH Cir. 2002). An inmate bears the difficult burden of showing specific facts to support his claim of extraordinary circumstances and due diligence. *See Akins v. United States*, 204 F.3d 1086, 1089-90 (11th Cir. 2000).

Martinez suggests that he is entitled to equitable tolling of the federal limitation period based on his lack of understanding of the English language. *See* Doc. No. 8 at 4-7. However, the Eleventh Circuit has rejected the argument that a limited ability to communicate in English, standing alone, constitutes an "extraordinary circumstance" that warrants equitable tolling. *See United States v. Montano*, 398 F.3d 1276, 1280 n.5 (11th Cir. 2005); *Brown v. United States*, 318 Fed. App'x 749, 750 (11th Cir. 2008). Moreover, Martinez fails to set forth specific facts to indicate that he acted diligently to pursue his right to file a federal habeas petition during the more than seven years that passed after his conviction became final. *See Brown,* 318 Fed. App'x at 750. Consequently, Martinez has not demonstrated his entitlement to equitable tolling of the limitation period in his case.[4]

---

[4] Martinez also suggests that his lack of understanding of English rendered him mentally incompetent to understand the state criminal proceedings against him or to assist in his defense. Doc. No. 1 at 13-15; Doc. No. 8 at 1-7. He argues that his alleged incompetence at trial excuses the untimeliness of his federal petition and allows this court to review the merits of the claims presented in his petition. Doc. No. 8 at 4-7. Martinez's claim of mental incompetence was never presented to the state courts. Martinez was provided with an interpreter at trial (and during later proceedings on his Rule 32 petition, where he was also assisted by counsel). There was testimony during his trial that he had some understanding of English. Martinez's difficulty with the English language is not a disability akin to mental incompetence. Thus, this court rejects his suggestion that his alleged incompetence overcomes the bar to review created by the untimeliness of his habeas petition.

## III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The petition for habeas corpus relief be denied as it was not filed within the one-year period of limitation of 28 U.S.C. § 2244(d).

2.  This case be dismissed with prejudice.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before January 17, 2014. A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE, this 3rd day of January, 2014.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE